PROB 12C
(7/93)

Report Date: March 18, 2011

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 21 2011

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jeffrey Michael Ochoa                Case Number: 2:06CR02023-001

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable William Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: 9/6/2006

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 30 Months; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Gregory M. Shogren | Date Supervision Commenced: 12/13/2010 |
| Defense Attorney: | Alex B. Hernandez, III | Date Supervision Expires: 10/8/2012 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1       **Standard Condition # 6**: The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.

**Supporting Evidence**: Jeffrey Michael Ochoa is considered in violation of his term of supervised release as he failed to notify this officer of his change of address. Mr. Ochoa reported to this officer on March 3, 2011, and advised he was living with his sister at 106 E. 36th Avenue, Kennewick, Washington. He completed a monthly supervision reporting indicating the same address.

Later that same day, this officer conducted a home visit to the Mr. Ochoa's residence and contacted his brother-in-law, Kevin Johnston, who stated that the defendant did not live there. Mr. Johnston stated that upon being released from jail, Mr. Ochoa spent 1 day at the house and has not been staying with them. He did not know Mr. Ochoa's whereabouts.

This officer attempted to contact Mr. Ochoa via his cellular telephone and left him a message instructing him to call me. As of this date, Mr. Ochoa has not contacted me, and his whereabouts remain unknown.

Prob12C
Re: Ochoa, Jeffrey Michael
March 18, 2011
Page 2

2 **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: As mentioned in violation 1, Mr. Ochoa has not contacted this officer as instructed and he failed to answer his monthly supervision report in a truthful manner. Additionally, he was not truthful with this officer as he reported he had been residing at his sisters residence since he released from jail, with the exception of a few days he spent in Yakima, Washington.

3 **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Ochoa was placed on random drug testing with First Step Community Counseling Services (FSCCS) color line. He submitted to a drug test at FSCCS on February 22, 2011, which was presumptive positive for methamphetamine. The defendant admitted to using on February 20, 2011, and the urine sample was sent to Alere Toxicology Services (ATS) for verification.

On March 2, 2011, Mr. Ochoa reported to this office and admitted he had relapsed during a trip to Yakima, Washington, on February 20, 2011. He stated he would not be returning to Yakima, as to avoid his associates. He also stated he had not used any controlled substances since. The defendant submitted to another drug test while in my office that day. The test was presumptive positive for amphetamine. Mr. Ochoa denied any use. The urine sample was sent to ATS for verification.

On March 3, 2011, confirmation was received from ATS indicating the sample taken on February 22, 2011, was positive for methamphetamine. Confirmation was received from ATS on March 11, 2011, verifying the sample taken on March 2, 2011, was also positive for methamphetamine.

On March 7, 2011, the defendant submitted another drug test at FSCCS which was also presumptive positive for amphetamines, and it was sent to ATS laboratory for confirmation. At this time, confirmation of this drug test is still pending.

4 **Special Condition # 15**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

**Supporting Evidence**: Mr. Ochoa was referred to FSCCS on February 9, 2011, to complete his substance abuse assessment. The defendant scheduled his assessment for March 8, 2011. He failed to attend his appointment and did not contact the treatment facility to reschedule. At this time, the defendant has failed to comply with his requirement to complete a substance abuse evaluation.

Prob12C
Re: Ochoa, Jeffrey Michael
March 18, 2011
Page 3

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 0318/2011

s/SanJuanita B. Coronado

SanJuanita B Coronado
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

3/21/11
Date